## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN FAST WOLF,
          Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
DE-1221-15-0389-W-1

DATE: September 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Fast Wolf</u>, Fort Thompson, South Dakota, pro se.

<u>Teresa M. Garrity</u>, Esquire, Bloomington, Minnesota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　The appellant filed this individual right of action (IRA) appeal challenging, inter alia, the agency's proposal to remove him from the position of Child Welfare Specialist, GS-9. Initial Appeal File (IAF), Tab 1. While the appeal was pending, and prior to a jurisdictional determination by the administrative judge, the parties entered into a settlement agreement under which the appellant agreed to withdraw his appeal. The settlement agreement specified that "the parties do not intend or request that the referenced settlement agreement be entered into the record for the purposes of enforcement by the MSPB." IAF, Tab 40 at 5. The administrative judge found that the agreement appears lawful and freely reached, and, thus, dismissed the appeal as settled. IAF, Tab 41, Initial Decision (ID) at 2.

¶3　　On review, the appellant contends that the agency breached the settlement agreement and he requests to have his appeal reinstated. Petition for Review (PFR) File, Tab 1.[2] The appellant does not allege that the administrative judge

---

[2] A week after filing his petition for review, the appellant filed a pleading stating that he was withdrawing his petition based on the agency's compliance with the agreement. PFR File, Tab 3. However, when contacted by the Office of the Clerk of the Board, the appellant stated that he did not intend to withdraw the petition for review. PFR File, Tab 4.

erred in dismissing the appeal as settled, or otherwise challenge the validity of the settlement agreement.[3] *Id.*

¶4        A pleading that alleges that the other party breached a settlement agreement, but does not contend that the administrative judge erred in dismissing the appeal pursuant to the agreement, is in substance a petition for enforcement. *See Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996). Because the record is sufficiently developed to enable us to adjudicate the petition, we need not remand it to the Board's field office. *Id.*

¶5        It is well settled that the Board does not have the authority to enforce a settlement agreement that was not entered into the Board's record for enforcement purposes because of a lack of jurisdiction over the appeal. *See, e.g.*, *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006) (finding that the Board lacked jurisdiction to entertain a petition for enforcement where the parties did not object to the appeal being dismissed pursuant to a settlement agreement that was not entered into the record); *Lopez*, 71 M.S.P.R. at 462, 464 (holding that the Board lacked authority to adjudicate a petition for enforcement where the parties agreed to settle the appeal without incorporating the agreement into the record for enforcement purposes).

¶6        Here, the settlement agreement explicitly states that it will not be entered into the record for enforcement purposes. IAF, Tab 46 at 5. Thus, because the agreement was not entered into the record for enforcement purposes, the Board does not have the authority to act on the appellant's request. *See Lopez*, 71 M.S.P.R. at 463; *see also Wexler v. Department of the Interior*, 48 M.S.P.R.

---

[3] In *Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 583 (1994), the Board held that a party may challenge the validity of a settlement agreement resulting in the withdrawal of an appeal, even when that agreement is not entered into the record for enforcement purposes, if the party believes that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. In this case, the appellant does not challenge the validity of the agreement by claiming that it was unlawful, was involuntary, or was the result of fraud or mutual mistake.

513, 518 (1991) (finding that, where the appellant sought to nullify a settlement agreement on the basis that the agency violated its terms, the Board considered the allegation of breach only after finding that the agreement had been incorporated into the record for enforcement purposes), *aff'd*, 954 F.2d 733 (Fed. Cir. 1992) (Table).

¶7        Additionally, the administrative judge advised the parties that there was a question of whether the Board had jurisdiction over this appeal but because the parties settled the appeal and did not enter the agreement into the record for enforcement purposes, the administrative judge did not decide the jurisdictional issue.  IAF, Tab 3; ID at 1-2.  To determine whether the Board has jurisdiction over the appellant's IRA appeal, the administrative judge would have had to review the appellant's whistleblower claim and find that he exhausted his administrative remedies before the Office of Special Counsel and made nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  However, the parties decided not to pursue whether the Board has jurisdiction over the appeal.  Instead, they decided to settle the appeal without entering the agreement into the record for enforcement purposes.  Having so decided, the appellant cannot now ask the Board to review the settlement agreement to determine if the agency has breached it.  *Lopez*, 71 M.S.P.R. at 464.  The Board can make that kind of review only when the settlement agreement has been entered into the record.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.